Temple v. Stanley, et al.          CV-03-044-JD  01/08/04
                 UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Stephen P. Temple II

     v.                                 Civil No. 03-044-JD
                                        Opinion No. 2004 DNH 005
Phil Stanley and Bruce Cattell


                            O R D E R


     Stephen P. Temple II, proceeding pro se, brought suit

against Phil Stanley, Commissioner of the New Hampshire

Department of Corrections, and Bruce Cattell, Warden of the

Northern Correctional Facility, alleging a violation of his First

Amendment rights because he was not being provided a religious

diet.[1]  Temple's motion for a preliminary injunction was denied,

following a hearing, due to his failure to show a likelihood of

success on the merits of his claim.  The defendants move for

summary judgment on the grounds that Temple's claim is barred by

the Rooker-Feldman doctrine or res judicata.[2]  Temple has not

filed a response to the defendants' motion within the time

_____

     [1]Claims pertaining to other religious practices were
dismissed in the course of preliminary review pursuant to 28
U.S.C. § 1915A(a).

     [2]See District of Columbia Court of Appeals v. Feldman, 460
U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413,
415-16 (1923).

allowed.

<u>Discussion</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  An unopposed motion for summary judgment can be granted only if the moving party is entitled to judgment on the merits of the motion, viewed in light of Rule 56.  <u>See</u> <u>Carmona v. Toledo</u>, 215 F.3d 124, 134 n.9 (1st Cir. 2000).

"Rooker-Feldman forecloses lower federal court jurisdiction over claims that are inextricably intertwined with the claims adjudicated in a state court.  A federal claim is inextricably intertwined with the state-court claims if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  <u>Sheehan v. Marr</u>, 207 F.3d 35, 39-40 (1st Cir. 2000); <u>accord</u> <u>Rosenfeld v. Egy</u>, 346 F.3d 11, 18-19 (1st Cir. 2003).  In its absence, "the federal district court would be in

the unseemly position of reviewing a state court decision for error." Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 (1st Cir. 2003). "Although res judicata doctrine would often achieve similar effects, Rooker-Feldman is at least quasi-jurisdictional, . . .[and] the doctrine is widely used by the federal court to prevent end-runs around state judgments." Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003).

Temple is incarcerated in the Northern Correctional Facility in Berlin, New Hampshire. In November of 1997, he requested a special non-pork diet to comply with his religion, Church of Christ Christian. Prison officials agreed to put Temple on a non-pork diet. In May of 2000, Temple requested a kosher diet to comply with his religion, but he was told he would need more documentation to show that his faith required such a diet. The prison offered him a vegetarian diet, which he rejected. Over the next two years, Temple filed grievances that he had not been provided a kosher diet.

On July 10, 2002, Temple filed a petition for a writ of habeas corpus in Coos County Superior Court. Issue one of the petition stated: "The New Hampshire State Prison Berlin authorities has repeatedly refused to grant the Petitioner his right's [sic] to attain a religious diet that is consistent with his beliefs." Issue two addressed his religious rights to adhere

3

"to all of the Biblical laws." A hearing was held on the petition on November 12, 2002, before Judge Peter Smith. On December 2, 2002, Judge Smith issued an order denying Temple's petition. With respect to the dietary issues, the order stated:

> The Court finds that the respondent has attempted to oblige the petitioner by first providing him with a nonpork diet, then a vegetarian diet. The Court finds that the petitioner has no constitutional right to a kosher diet when the respondent has attempted, within its own regulations, to satisfy his needs.

Ex. I. Temple did not appeal the state court's decision.

The claim at issue in Temple's suit in this case is stated in his complaint as follows: "The New Hampshire State Prison authorities has repeatedly refused to comply with the Petitioners religious rights concerning religious diets, along with other practices according to the practiec [sic] of his faith." Complaint at 2. His arguments in support of his right to a diet "according to his beliefs" are the same as those presented in state court. The state court decision held that he did not have a constitutional right to the diet he is seeking. To the extent this court were to grant the relief Temple seeks, it would necessarily contradict the state court decision. Therefore, Temple's claim that the defendants are violating his constitutional right to a religious diet is barred by the Rooker-Feldman doctrine.

4

Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 23) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 8, 2004

cc:   Stephen P. Temple II, pro se
      Andrew B. Livernois, Esquire

5